**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MIRIELLE PAUL,<br><br>               Plaintiff,<br><br>   v.<br><br>SUNNOVA ENERGY CORPORATION,<br>and SUNNYMAC LLC,<br><br>               Defendants. | CASE NO. 1:25-CV-02245-KMS-AMD<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

Sunnova Energy Corporation ("Sunnova"), by and through its attorneys, submits this memorandum of law in support of its motion for an order staying or dismissing these proceedings and compelling arbitration.

## I.      INTRODUCTION

Plaintiff Mirielle Paul ("Plaintiff") brings this action seeking damages in connection with a solar panel system (the "System") installed on Plaintiff's roof.  In so doing, Plaintiff ignores her own agreement to arbitrate all disputes between the parties.  Not only is there a valid written arbitration agreement between the parties, but there is an equally enforceable delegation clause, pursuant to which the parties agreed to delegate to the arbitrator any threshold questions of arbitrability, including questions about the scope of the arbitrator's authority and whether Plaintiff's claims fall within the scope of the arbitration agreement.

There is overwhelming authority requiring the enforcement of arbitration agreements like this one, and of delegation clauses like the one here.  Sunnova therefore respectfully requests that this Court grant its motion, stay or dismiss these proceedings, and order arbitration of all claims asserted in Plaintiff's Complaint.

1

## II.    FACTS & BACKGROUND

Sunnova is an industry-leading adaptive energy services company focused on making clean energy more accessible, reliable, and affordable for homeowners and businesses, providing customers with access to solar energy systems, and/or the energy produced by solar energy systems, that are sold, designed, and installed by its network of local independent dealers, like Defendant SunnyMac LLC ("SunnyMac").  Here, Plaintiff alleges that SunnyMac installed the System on her roof in April 2024.  (Compl. ¶ 47).  The transaction is governed by a Sunnova Home Solar Service Easy Plan™ Power Purchase Agreement ("PPA" or "Agreement") bearing Agreement ID CF007329646.

The PPA, which is annexed hereto, governs Plaintiff's relationship with Sunnova. Critically, the PPA, among other things, provides:

> **19. ARBITRATION**
>
> **PLEASE READ THIS SECTION CAREFULLY.** ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY TRIAL AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.    IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY.
>
> *       *       *
>
> **You and we agree that any dispute, claim or disagreement between you and us (a "Dispute") shall be resolved exclusively by arbitration ….**
>
> The arbitration, including the selection of the arbitrator, will be administered by the American Arbitration Association ("AAA"), under its Consumer Arbitration Rules (the "Rules") by a single neutral arbitrator.
>
> *       *       *
>
> BECAUSE YOU AND WE HAVE AGREED TO ARBITRATE ALL DISPUTES EXCEPT AS SPECIFICALLY PROVIDED IN

THE LAST PARAGRAPH OF THIS SECTION, YOU AND WE WILL NOT HAVE THE RIGHT TO LITIGATE THAT DISPUTE IN COURT, OR TO HAVE A JURY TRIAL ON THAT DISPUTE, OR ENGAGE IN DISCOVERY EXCEPT AS PROVIDED FOR IN THE RULES … THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING ON THE PARTIES AND MAY BE ENTERED AND ENFORCED IN ANY COURT HAVING JURISDICTION.

(Declaration of Michael F. Williams, dated May 20, 2025 ("Williams Decl."), Ex. A § 19 (capitalization and bold face in original).)

Under the terms of the PPA, Plaintiff was required to arbitrate the claims she asserts in her Complaint. Accordingly, this litigation should be stayed as to Sunnova while Plaintiff is compelled to bring her claims against Sunnova in arbitration.

## III.    LAW & ARGUMENT

### A.    The Legal Standard

Under the Agreement, the parties' dispute is governed by the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. §§ 1 et seq. (Williams Decl. Ex. A § 18) ("[T]he Federal Arbitration Act, 9 U.S.C. § 1, et seq… shall govern interpretation, enforcement and proceedings under Section 19, and not the arbitration acts, statutes or rules of any other jurisdiction."). Section 3 of the FAA provides that "where a suit … upon any issue referable to arbitration under an agreement in writing for such arbitration" is brought, upon the court's determination that the issues are within the scope of the arbitration agreement, "the court … shall … stay the trial of the action until such arbitration has been had …." 9 U.S.C. § 3. Two questions arise when a court is considering a motion to compel arbitration. First, the court must determine whether there is a valid agreement to arbitrate, and second, it must decide whether the specific dispute falls within the substantive scope of that agreement. *Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007). The answer to each of these questions requires that Plaintiff's claims be arbitrated.

3

### B.        Multiple Valid and Enforceable Arbitration Provisions Exist

The PPA's Arbitration Provisions, which bear Plaintiff's initials and signature throughout, are valid, enforceable, and controlling.[1]  Even for an action brought in federal court, "[w]hen deciding whether the parties agreed to arbitrate … courts generally … should apply ordinary state-law principles that govern the formation of contracts."  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Erasmus v. LegalZoom.com, Inc.*, No. CV 24-7831 (JXN) (MAH), 2025 WL 1122237, at *5 (D.N.J. Apr. 15, 2025) ("The question of whether the parties agreed to arbitrate is governed by state law principles regarding formation of contracts.").  Under New Jersey law,[2] "[a]n agreement to arbitrate, like any other contract, must be the product of mutual assent, as determined under customary principles of contract law."  *Atalese v. U.S. Legal Servs. Grp., L.P.*, 219 N.J. 430, 442 (2014).  "Mutual assent requires that parties have an understanding of the terms to which they have agreed."  *Id.*  To that end, New Jersey courts uphold arbitration clauses in consumer contracts that explain, in "plain language that is understandable to the reasonable consumer," that by agreeing to arbitrate, a consumer is giving up a right to sue.  *Id.* at 444.

Here, the arbitration provisions are explained in clear language and emphasized in capital letters:

> BECAUSE YOU AND WE HAVE AGREED TO ARBITRATE
> ALL DISPUTES EXCEPT AS SPECIFICALLY PROVIDED IN

---

[1]  Based on the allegations the Complaint, Sunnova expects Plaintiff to argue that she is not bound by the applicable arbitration agreement because she did not sign it, or because her signature was forged by a representative of SunnyMac.  This contention has no merit and is belied by her acceptance of the solar panels, which were installed on her property (necessarily with her knowledge and acquiescence).  In any event, as discussed below, any such contention should be decided by the arbitrator.  If, however, the Court determines that the Court should decide this issue, Sunnova requests that the Court stay these proceedings and hold a plenary hearing to determine the sole issue of whether Plaintiff signed the arbitration agreement that bears her signature.

[2]  New Jersey law applies because each contract contains a choice-of-law clause calling for the application of the laws of the state where Plaintiffs' home is located—New Jersey.  (Williams Decl. Ex. A § 18).

> THE LAST PARAGRAPH OF THIS SECTION, YOU AND WE WILL NOT HAVE THE RIGHT TO LITIGATE THAT DISPUTE IN COURT, OR TO HAVE A JURY TRIAL ON THAT DISPUTE, OR ENGAGE IN DISCOVERY EXCEPT AS PROVIDED FOR IN THE RULES … THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING ON THE PARTIES AND MAY BE ENTERED AND ENFORCED IN ANY COURT HAVING JURISDICTION.

(Williams Decl. Ex. A § 19).

The arbitration provisions further explain—once again in all capital letters—that "ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY TRIAL … IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY." *Id.* This language comports with other clear, unambiguous arbitration agreements upheld by other courts applying New Jersey law. *See, e.g.*, *Atalese*, 219 N.J. at 444-45.

### C.    Plaintiff's Claims Fall Within The Scope of The Arbitration Provisions

The PPA expressly provides that "ALL DISPUTES AND DETERMINATIONS CONCERNING THE ARBITRABILITY OF A CLAIM (INCLUDING DISPUTES ABOUT THE SCOPE, APPLICABILITY, ENFORCEABILITY, REVOCABILITY, UNCONSCIONABILITY, OR VALIDITY OF THIS AGREEMENT OR THIS SECTION) SHALL BE DECIDED BY THE ARBITRATOR." (Williams Decl. Ex. A § 19). Where, as here, the parties have agreed to delegate questions of arbitrability to an arbitrator, it is for that arbitrator—and not the Court—to decide the question of whether particular claims fall within the scope of an arbitration agreement. *See, e.g.*, *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 528 (2019). Accordingly, because there plainly exists a valid arbitration agreement that delegates questions of arbitrability to an arbitrator, the Court need not consider

the second question under *Mitsubishi Motors*, which would require and examination of the scope of the arbitration clause to determine if it encompasses Plaintiff's particular claims.

However, even if the question were before the Court, there can be no question that Plaintiff's claims are encompassed by the broad language of the parties' arbitration agreement. In this case, the parties unequivocally agreed to arbitrate "***any* dispute, claim or disagreement between [Plaintiff and Sunnova]**"—*i.e.*, all disputes at issue here.  (Williams Decl. Ex. A § 19 (bold face in original, italics added)).  The PPA expressly defines "Dispute" to include "claims arising out of or relating to this PPA," "claims arising out of or relating to [the parties'] relationship," "consumer protection claims," and "claims under any federal or state statute, including claims under the New Jersey Consumer Fraud Act and the Truth in Consumer Contracts Warranties and Notice Act."  (Williams Decl. Ex. A § 19).

The Supreme Court has characterized similar arbitration clauses as broad and expansive. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.* 388 U.S. 395, 397–98 (1967) (labeling as "broad" a clause requiring arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement").  Here, Plaintiff's claims against Sunnova should be subject to arbitration because they unquestionably arise from or relate to the Agreement.  Specifically, Plaintiff's claims concern her financial obligations under the Agreement and the relationship between Plaintiff and Sunnova, both of which are governed by the Agreement.  Accordingly, Plaintiff's lawsuit plainly falls within the scope of the applicable arbitration clause, and this case is subject to mandatory arbitration.

## IV.    CONCLUSION

For the reasons set forth above, Sunnova respectfully requests that the Court stay or dismiss this action and compel Plaintiff to arbitrate her claims against Sunnova.  In the alternative, to the extent the Court determines that it, and not the arbitrator, must decide whether

Plaintiff executed the Agreement (and/or is otherwise bound to it, having accepted the benefits therein), Sunnova respectfully requests the Court stay these proceedings and order a plenary hearing on that issue.

Dated: May 20, 2025                                    **KIRKLAND & ELLIS LLP**

                                                       */s/ Michael F. Williams*
                                                       Michael F. Williams, P.C.
                                                       NJ Attorney ID: 024952001
                                                       1301 Pennsylvania Avenue, N.W.
                                                       Washington, D.C. 20004
                                                       Tel.: (202) 389-5000
                                                       Fax: (202) 389-5200
                                                       Email: michael.williams@kirkland.com

                                                       *Attorneys for Defendant*
                                                       *Sunnova Energy Corporation*