Eric M. Hurwitz, Esquire (ID No. 030681999)
Christopher A. Reese, Esquire (ID No. 012072010)
STRADLEY RONON STEVENS & YOUNG, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
T: (856) 321-2400
F: (856) 321-2415
ehurwitz@stradley.com, creese@stradley.com
*Attorneys for Defendant, SunnyMac LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIRIELLE PAUL, : | |
| : | 1:25-cv-02245 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| SUNNOVA ENERGY CORPORATION : | |
| and SUNNYMAC LLC, : | |
| : | |
| Defendants. : | |

## ANSWER AND DEFENSES OF DEFENDANT SUNNYMAC, LLC

Defendant, SunnyMac, LLC ("SunnyMac"), answers the Complaint of Plaintiff, Mirielle Paul, and asserts defenses as follows:

## AS TO INTRODUCTION

1.    The allegations of this paragraph are conclusions of law purporting to characterize legal claims to which no response is required. To the extent a response is required, SunnyMac states as follows: SunnyMac admits that Plaintiff purports to

assert a claim for violations of New Jersey's Consumer Fraud Act and other laws, but SunnyMac denies that Plaintiff is entitled to any relief.

2.      Denied as stated. Rather, Sunnova Energy Corporation ("Sunnova") retained contractors, including SunnyMac, to install solar energy systems at customers' homes, and the customers purchased the energy produced by the system from Sunnova at an agreed-upon price per kilowatt-hour. These power purchase agreements typically carried initial terms of twenty or twenty-five years.

3.      The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

4.      The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

5.      Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

6.     Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

7.     The allegations of this paragraph are conclusions of law purporting to characterize legal claims to which no response is required. To the extent a response is required, SunnyMac states as follows: SunnyMac admits that only Plaintiff purports to seek damages and equitable relief, but SunnyMac denies that Plaintiff is entitled to any relief.

## AS TO JURISDICTION

8.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: SunnyMac does not contest jurisdiction

9.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: SunnyMac does not contest venue.

## PARTIES

10.     Admitted, upon information and belief.

11.     Denied as stated. Rather, SunnyMac is a Delaware limited liability company with a registered agent located at 47A Germay Drive, Wilmington, DE 19804.

12.     Denied as stated. Rather, SunnyMac markets, sells, designs, installs, and services photovoltaic and/or solar energy systems on properties in multiple states.

13.     Denied as stated. Rather, SunnyMac markets, sells, designs, installs, and services photovoltaic and/or solar energy systems on properties in multiple states, including Delaware, Maryland, New Jersey, and Pennsylvania.

14.     Admitted, upon information and belief.

15.     Admitted, upon information and belief.

16.     Denied as stated. Rather, Sunnova retained contractors, including SunnyMac, to install solar energy systems at customers' homes, and the customers purchased the energy produced by the system from Sunnova at an agreed-upon price per kilowatt-hour through a variety of written agreements.

17.     Admitted, upon information and belief.

18.     Denied as stated. Rather, Sunnova retained contractors, including SunnyMac, to market and install solar energy systems at customers' homes, and the customers purchased the energy produced by the system from Sunnova at an agreed-upon price per kilowatt-hour through a variety of written agreements.

19.     Admitted as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other alleged Sunnova partners and dealers, and therefore, they are denied.

20.     Denied as stated. Rather, SunnyMac worked with the customer to determine the most appropriate solar energy system for installation at the customer's property. If the project called for Sunnova to provide the customer's energy needs, SunnyMac worked with the customer to determine which Sunnova financial arrangement the customer preferred. Sunnova had customer agreements for different types of financial arrangements. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other alleged Sunnova partners and dealers, and therefore, they are denied.

21.     Denied as stated. Rather, SunnyMac works with the customer to determine the most appropriate solar energy system for installation at the customer's property, and for Sunnova projects, the designed system is submitted to Sunnova for review. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other alleged Sunnova partners and dealers, and therefore, they are denied.

22.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

23.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

24.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

25.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

26.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

27.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

28.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

29.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

30.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

31.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as stated. Rather, SunnyMac retained employees and other representatives to assist in selling projects to customers. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph as they relate to Sunnova, which are also vague and confusing, and therefore, they are denied.

32.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as stated. Rather, SunnyMac retained employees and other representatives to assist in selling projects to customers. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph as they relate to Sunnova, which are also vague and confusing, and therefore, they are denied.

33.     Denied as stated. Rather, SunnyMac requires its employees to use specific software, applications, and technology during their employment with SunnyMac.

34.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as stated. Rather, SunnyMac retained employees and other

representatives to assist in selling projects to customers. A SunnyMac employee originated a power purchase agreement between Sunnova and Plaintiff.

35.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as stated. Rather, the SunnyMac employee that originated a power purchase agreement between Sunnova and Plaintiff was required to follow the policies and procedures of SunnyMac and Sunnova while originating the agreement.

36.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as stated. Rather, the SunnyMac employee that originated a power purchase agreement between Sunnova and Plaintiff was required to offer the Plaintiff options that were authorized by Sunnova, or the project could not be sold as a Sunnova project.

37.     Denied. Rather, SunnyMac has had arrangements with solar energy providers other than Sunnova. Further, the SunnyMac representative does not process credit applications for Sunnova. Sunnova processes any credit applications obtained from a potential customer.

38.     The allegations of this paragraph are vague, confusing, and ambiguous. Therefore, they are denied.

## <u>AS TO FACTS</u>

### As to "Defendant's Bait and Switch"

39.     Admitted, upon information and belief.

40.     SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

41.     Denied as stated. Rather, a SunnyMac employee met with Plaintiff to discuss the potential installation of a solar energy system at her home. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are denied.

42.     SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

43.     SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

44.     SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

45.     SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

46.     SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

47.    Denied as stated. Rather, SunnyMac installed a solar energy system at Plaintiff's home, and the installation required an inspection of the roof.

**As to "Plaintiff Discovers the Forged PPA"**

48.    SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

49.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and SunnyMac denies any representations of the writing inconsistent with its terms. Further responding, SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

50.    The allegations of this paragraph purport to characterize online information and documents that speak for themselves, and SunnyMac denies any representations of the information inconsistent with their terms. Further responding, admitted only that there is a power purchase agreement in Plaintiff's name. Denied that the agreement is a forgery. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are denied.

51.    The allegations of this paragraph purport to characterize online information and documents that speak for themselves, and SunnyMac denies any representations of the information inconsistent with their terms. Further responding,

admitted only that there is a power purchase agreement in Plaintiff's name and its terms speak for itself. The remaining allegations are denied.

52.    The allegations of this paragraph purport to characterize online information and documents that speak for themselves, and SunnyMac denies any representations of the information inconsistent with their terms. Further responding, admitted only that there is a power purchase agreement in Plaintiff's name and its terms speak for itself. The remaining allegations are denied.

53.    Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

54.    Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

55.    Denied as stated. Rather, SunnyMac has not been able to determine that the power purchase agreement is a forgery, nor does SunnyMac have the power to void any agreements between Plaintiff and Sunnova.

56.    SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

### As to "Defendants Obtain and Use
### Plaintiff's Consumer Report Without a Permissible Purpose"

57.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

58.    Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

59.    SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

60.    SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

### As to "Defendants' Pattern and Practice
### of Fraudulent and Deceptive Conduct"

61.    SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

62.    SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

63.    SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

64.    SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

65.    Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

**As to "Damage from Defendants' Fraudulent and Deceptive Conduct"**

66.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied.

67.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied.

68.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied.

69.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied.

## AS TO COUNT I
## New Jersey Consumer Fraud Act

70.    SunnyMac incorporates by reference its responses to the above paragraphs as if fully set forth herein.

71.    The allegations of this paragraph are conclusions of law that purport to characterize the New Jersey Consumer Fraud Act ("CFA"), to which no response is required. To the extent a response is required, SunnyMac states as follows: SunnyMac denies it violated the CFA. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

72.    The allegations of this paragraph are conclusions of law that purport to characterize the CFA, to which no response is required. To the extent a response is required, SunnyMac states as follows: SunnyMac denies it violated the CFA. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

73.    The allegations of this paragraph are conclusions of law that purport to characterize the CFA, to which no response is required. To the extent a response is required, SunnyMac states as follows: SunnyMac denies it violated the CFA. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

74.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

75.    The allegations of this paragraph are conclusions of law that purport to characterize the CFA, to which no response is required. To the extent a response is required, SunnyMac states as follows: SunnyMac denies it violated the CFA. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

76.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

77.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as

follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

WHEREFORE, Defendant SunnyMac, LLC denies that Plaintiff is entitled to any of the relief sought in the Wherefore Clause of her Complaint, denies any allegations that it has not otherwise expressly admitted, and requests judgment in its favor on Plaintiff's claims, together with all other relief to which it is entitled.

### AS TO COUNT II
### Fraudulent Concealment/Nondisclosure

78.    SunnyMac incorporates by reference its responses to the above paragraphs as if fully set forth herein.

79.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

80.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

81.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

82.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

WHEREFORE, Defendant SunnyMac, LLC denies that Plaintiff is entitled to any of the relief sought in the Wherefore Clause of her Complaint, denies any allegations that it has not otherwise expressly admitted, and requests judgment in its favor on Plaintiff's claims, together with all other relief to which it is entitled.

## AS TO COUNT III
## Fair Credit Reporting Act

83.    SunnyMac incorporates by reference its responses to the above paragraphs as if fully set forth herein.

84.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

85.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

86.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

87.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

88.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, SunnyMac states as follows: Denied as to SunnyMac. SunnyMac lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to Sunnova, and therefore, they are denied.

WHEREFORE, Defendant SunnyMac, LLC denies that Plaintiff is entitled to any of the relief sought in the Wherefore Clause of her Complaint, denies any allegations that it has not otherwise expressly admitted, and requests judgment in its favor on Plaintiff's claims, together with all other relief to which it is entitled.

### **AFFIRMATIVE DEFENSES**

SunnyMac asserts the following affirmative defenses:

1.    Plaintiff has failed to state claims against SunnyMac upon which relief may be granted.

2.    Plaintiff's claims are barred by equitable estoppel.

3.    Plaintiff's claims are barred, in whole or in part, by ratification, agreement, acquiescence, or consent.

4.    Plaintiff did not suffer an ascertainable loss due to any action or inaction on the part of SunnyMac.

5.    SunnyMac did not engage in any conduct that violates the New Jersey Consumer Fraud Act.

6.    SunnyMac did not owe Plaintiff any duty.

7.    SunnyMac did not breach any duty owed to Plaintiff.

8.    Plaintiff did not reasonably rely upon any representations or omissions by SunnyMac.

9.    SunnyMac did not obtain any credit reports in Plaintiff's name, and thus is not liable under the FCRA.

10.    Plaintiff did not suffer any damages.

11.    Plaintiff failed to mitigate her damages, if any exist.

12.    Plaintiff's own acts constitute a superseding or intervening cause of her damages, injuries and losses, if any.

13.    No action or inaction by SunnyMac, its agents, servants, employees, or representatives, caused or contributed in any manner to the damages, injuries, and losses alleged in Plaintiff's Complaint.

14.    Plaintiff is not entitled to attorneys' fees and costs.

SunnyMac reserves its right to assert additional defenses that may become available during its continuing investigation and discovery in this case.

WHEREFORE, Defendant SunnyMac, LLC denies that Plaintiff is entitled to any of the relief sought in the Wherefore Clause of her Complaint, denies any allegations that it has not otherwise expressly admitted, and requests judgment in its favor on Plaintiff's claims, together with all other relief to which it is entitled.

Date: June 12, 2025                    By:

                                                  */s/ Christopher A. Reese*
                                                  Eric M. Hurwitz, Esq.

Christopher A. Reese, Esq.
Stradley Ronon Stevens & Young, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
Telephone: (856) 321-2400
Email: creese@stradley.com

*Counsel for Defendant*
*SunnyMac, LLC*

## **CERTIFICATE OF SERVICE**

I, Christopher A. Reese, hereby certify that a true and correct copy of the foregoing was filed electronically on June 12, 2025, and it is available for viewing and downloading from the court's ECF system, which automatically generates an electronic notice that constitutes service of the filed document upon all counsel of record in this matter.

*/s/ Christopher A. Reese*
Christopher A. Reese